**SUPREME COURT OF PENNSYLVANIA**
**COMMITTEE ON RULES OF EVIDENCE**

**FINAL REPORT[1]**

**Amendment of Pa.R.E. 901(a), 902(4), 902(6), and 902(12)**

On November 4, 2019, upon recommendation of the Committee on Rules of Evidence, the Court ordered the amendment of Pennsylvania Rules of Evidence 901(a), 902(4), 902(6), and 902(12) to facilitate the authentication of evidence and to correct an error that occurred during the restyling of the Rules in 2013.

**Pa.R.E. 901(a)**

In the most general of descriptions, authentication is the requirement of proving what the evidence is purported to be.  The purpose of this requirement is to reduce the risk of forgery or deception; yet, commentators have questioned whether this safeguard is justified by the time, expense, and inconvenience of authentication.  *See* 2 McCormick on Evid. § 221 (7th ed.).

While authentication may serve a salutary purpose with evidence of questionable origin or dubious portrayal, the mechanical application of the requirements in every instance, especially when authentication is not reasonably contested, does not serve the purpose of the Rules in eliminating unjustifiable expense or delay.  *See* Pa.R.E. 102.  To that end, Rule 901(a) is amended to include the phrase, "unless stipulated," to signal readers that authentication of evidence can be stipulated by the parties and, therefore, relieve the proponent of introducing authentication evidence.

**Pa.R.E. 902(4)**

The Committee undertook review of Rule 902(4) to consider whether copies of public records can be certified and transmitted electronically.  This question tested whether a certificate pursuant to Rule 902(4)(B) must be contain a pen-and-ink (a.k.a. "wet") signature and whether a seal, if required, must be raised.

Informed by Pa.R.Crim.P. 103 (defining "signature"), the Committee concluded that a signature on a certification need not be pen-and-ink to serve its function.

---

[1]    The Committee's Final Report should not be confused with the official Committee Comments to the rules.  Also note that the Supreme Court does not adopt the Committee's Comments or the contents of the Committee's explanatory Final Reports.

Additionally, technology has progressed to where wet signatures are no longer required as evidence for commerce and transactions. *See, e.g.,* Electronic Transactions Act, Act of December 16, 1999, P.L. 971, 73 P.S. § 2260.309 ("In a proceeding, evidence of a record or signature may not be excluded solely because it is in electronic form.").

Concerning the necessity of a raised seal, its absence is not a foreign concept. Under the Protection From Abuse Act, a "certified copy" is defined as "a paper copy of the original order of the issuing court endorsed by the appropriate clerk of that court or an electronic copy of the original order of the issuing court endorsed with a digital signature of the judge or appropriate clerk of that court." 23 Pa.C.S. § 6102. The definition goes further to state: "A raised seal on the copy of the order of the issuing court shall not be required." *Id.* Further, Section 322 of the Judicial Code, insofar as it pertains to court seals, states: "A facsimile or preprinted seal may be used for all purposes in lieu of the original seal." 42 Pa.C.S. § 322.

The amendment of Rule 902(4) is intended to facilitate the use of electronic forms of certification for copies of public records; it is not intended to prohibit the use of pen-and-ink signatures and raised seals. The amendment is specifically limited to paragraph (B) and was drafted narrowly with the belief that copies of public records are being authenticated by certificate pursuant to 42 Pa.C.S. § 6103(a) rather than paragraph (A). Because the requirements of the certificate are governed by statute, the Committee believed that the certificate would fall under paragraph (B) (certificate that complies with a statute).

**Pa.R.E. 902(6)**

Upon reviewing Rule 902(6), the Committee proposed removing "printed" as a condition of material purporting to be a newspaper or periodical. The Committee believed that such a term had become antiquated in an era when digital media has largely replaced print media.

Effective December 1, 2011, the Federal Rules of Evidence were restyled, adding F.R.E. 101(b)(6) as a definition to state "a reference to any kind of written material or any other medium includes electronically stored information."

> Under Rule 902(6) (*Newspapers and Periodicals*), "[p]rinted material purporting to be a newspaper or periodical" is self-authenticating. This includes online newspaper and periodicals, because Fed. R. Evid. 101(b)(6) provides that any reference in the Rules to printed material also includes comparable information in electronic form. Thus all newspaper and periodical material is self-authenticating whether or not it ever appeared in hard copy.

Hon. Paul W. Grimm *et al., Authenticating Digital Evidence*, 69 Baylor L. Rev. 1, 28 (2017) (footnotes omitted). *See also White v. City of Birmingham, Ala.*, 96 F. Supp. 3d 1260, 1274 (N.D. Ala. 2015), *as amended* (website "news articles are analogous to traditional newspaper articles and could be found self-authenticating at trial."). While Pennsylvania did not adopt an analog to F.R.E. 101(b)(6) during its restyling, the proposal seeks to accomplish the same effect as F.R.E. 101(b)(6) albeit limited to Pa.R.E. 902(6).

Regardless of whether the material exists in print or digitally, the proponent still has the burden of establishing that the material purports to be a "newspaper" or "periodical" - the proposal does not intend to alter that requirement. The first paragraph of additional commentary to Rule 902(6) is intended to serve as a guide in determining whether a source is a "newspaper" or "periodical." The second paragraph describes the characteristics of the article or item from a newspaper or periodical.

Concerning the second paragraph, the Committee received a comment indicating that page and volume numbers are not typically attributed to digital-only media. The Committee revised the paragraph to clarify that page and volume are sufficient indicia if the content appeared in print. The same indicia were not associated with digital content.

**Pa.R.E. 902(12)**

On November 2, 2001, the Court adopted Rule 902(12) addressing the self-authentication of certified foreign records of regularly conducted activity in civil cases. *See* 31 Pa.B. 6381 (November 24, 2001). On February 23, 2004, the Court amended Rule 902(12) to eliminate its civil case-specific application. *See* 34 Pa.B. 1429 (March 13, 2004). On January 17, 2013, the Court rescinded and replaced, *inter alia*, Rule 902(12) as part of a larger restyling of the Rules of Evidence. *See* 43 Pa.B. 620 (February 2, 2013).

While no substantive changes to the Rules were intended as a part of the restyling, 43 Pa.B. at 652, the replacement of Rule 902(12) erroneously removed the substance of the 2004 amendment. Accordingly, the Committee recommended correction of the text to reflect the 2004 amendment.

These amendments become effective January 1, 2020.